## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:05CR180(1) |
| v. | § | |
| | § | |
| KIRK LOGAN MILLER | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 8, 2010 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Terri Hagan.

On March 15, 2006, the Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to a sentence of 24 months imprisonment followed by a 3-year term of supervised release for the offense of possession of a firearm by an unlawful user of a controlled substance. Defendant began his term of supervision on April 25, 2008.

On June 16, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 29). The petition asserts that Defendant violated the following

conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall be placed on home detention for a period not to exceed 90 days, to commence immediately, during this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer; (4) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered; (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (6) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; and (7) Defendant shall pay a $3,000 fine that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

The petition alleges that Defendant committed the following violations: (1) on or about February 10, 2010, Defendant submitted a urine specimen at Texoma Care in Bonham, Texas, at the direction of his employer, Clayton Homes, that tested positive for methamphetamine through GC/MS confirmation testing; (2) on April 21, 2010, Defendant submitted a urine specimen that tested positive for marijuana and methamphetamine, Defendant admitted to the use of marijuana but denied using methamphetamine, and confirmation testing through Kroll Laboratories confirmed the use of both marijuana and methamphetamine; (3) on May 24, 2010, Defendant submitted a urine specimen

that tested positive for marijuana, Defendant denied said use, and on May 29, 2010, confirmation testing through Alere Toxicology Services confirmed the use of marijuana; (4) on May 22, 2010, Defendant violated this condition by leaving his residence and going to his uncle's house for a party without the prior approval of the U.S. Probation Officer; (5) on or about March 1, 2010, Defendant was observed by Officer Eddington with the Bonham, Texas, Police Department leaving a residence located at 600 Oldham St., in Bonham, Texas which is known for drug activity; (6) on or about March 1, 2010, Defendant was questioned by Officer Eddington with the Bonham, Texas, Police Department and failed to report such to the U.S. Probation Office until questioned about it on March 5, 2010; (7) on April 8, 2010, Defendant failed to attend his scheduled counseling session with Pillar Counseling, Defendant did not call to try and reschedule until the U.S. Probation Office confronted him about this matter on April 16, 2010, and placed the call for him; (8) on June 4 and June 11, 2010, Defendant failed to attend his scheduled counseling session with Pillar Counseling; and (9) Defendant has failed to pay toward the fine as directed, on August 14, 2008, a payment schedule was executed directing him to pay at least $100 per month toward the fine, since that time, Defendant has submitted only six payments totaling $450, had it not been for the Treasury Offset Program collecting a total of $2,343 from his 2008 and 2009 Federal Income Tax Returns, he would still have a significant portion to pay, and, as of the date of the filing of the petition, a balance of $207 remained unpaid.

At the hearing, Defendant entered a plea of true to the alleged violations of conditions of his supervised release. The Court finds that Defendant has violated the terms of his supervised release.

Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the June 29, 2010 hearing, the Court recommends that the Defendant be committed to of the Bureau of Prisons to be imprisoned for a term of 14 months and 21 days, with no supervised release to follow. The Court further recommends that Defendant be required to pay the remainder of his fine.

**SIGNED this 16th day of July, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE